IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISON

| | |
|---|---|
| William O. Dickerson, | Case No.: 9:21-mc-00618-SAL-MHC |
| Petitioner, | |
| v. | **ORDER GRANTING STAY OF EXECUTION** |
| Bryan P. Stirling, *Director, South Carolina Department of Corrections*, and Lydell Chestnut, *Deputy Warden of Broad River Correctional Secure Facility*,[1] | |
| Respondents. | |

This matter is before the court on Petitioner's October 13, 2021 Motion for Stay of Execution.[2] [ECF No. 1.] Respondents filed a response to Petitioner's motion on October 18, 2021, ECF No. 12, and Petitioner replied on October 19, 2021, ECF No. 13.

Petitioner is a state prisoner sentenced to death and scheduled for execution on November 5, 2021. [ECF No. 1 at 1.] Respondents do not oppose Petitioner's motion to stay his execution but note the stay should be limited to ninety days pursuant to 28 U.S.C. § 2251(a)(3). [ECF No. 12 at 1.]

A federal court has jurisdiction to stay state court proceedings when a state prisoner sentenced to death applies for appointment of counsel pursuant to 28 U.S.C. § 3599. *See* 28 U.S.C. § 2251(a)(3); *McFarland v. Scott*, 512 U.S. 849, 858 (1994) ("[O]nce a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of

---

[1] By the parties' consent, Lydell Chestnut is substituted for Kenneth Nelson as the proper respondent in this action.

[2] Petitioner has also moved for the appointment of counsel, ECF No. 1, and for leave to proceed in forma pauperis, ECF No. 2. The assigned United States Magistrate Judge will address those motions by separate order.

execution."). Petitioner has moved for the appointment of counsel under § 3599. [*See* ECF No. 1 at 3–6.] Accordingly, this court has the authority to grant a stay of execution. Section 2251(a)(3) provides that the stay "shall terminate" not more than ninety days after the appointment of counsel or after the application for appointment is withdrawn or denied. Section 2251(a)(1) gives the court additional authority to further stay state action while a federal habeas corpus proceeding is pending.

Having carefully reviewed the briefing and relevant authority, the court **GRANTS** Petitioner's Motion for Stay of Execution, ECF No. 1. The stay shall terminate ninety days after the appointment of counsel or after the application for appointment of counsel is withdrawn or denied, as required by 28 U.S.C. § 2251(a)(3). Once Petitioner files his petition for habeas corpus, he may move for an indefinite stay pending the outcome of his habeas proceeding under § 2251(a)(1).

The Clerk of Court shall assign a civil action number to this case. This matter is referred to the United States Magistrate Judge for all other preliminary proceedings.

**IT IS SO ORDERED.**

October 21, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge